# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| **PORSCHE CLUB OF AMERICA, INC.,** | )<br>)<br>)<br>) |
| Plaintiff, | ) Cause No.: 1:25-cv-306<br>) |
| v. | )<br>) |
| **DAS RENN TREFFEN, INC.,** | ) **JURY TRIAL DEMANDED**<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW Plaintiff Porsche Club of America, Inc., by and through its attorneys, Sandberg Phoenix and von Gontard P.C., and for its Complaint against Defendant Das Renn Treffen, Inc., state as follows:

## NATURE OF THIS ACTION

1. This is an action for federal trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§1114 and 1125, as well as related claims under the laws of the State of Florida.

2. Plaintiff seeks injunctive relief, damages, and other appropriate relief arising from Defendant's unauthorized use of Plaintiff's federally registered trademark(s) and common law trademarks, which has caused and is likely to

1

continue to cause consumer confusion and irreparable harm to Plaintiff's brand and goodwill.

## PARTIES

3. Plaintiff Porsche Club of America, Inc. ("Plaintiff") is a corporation duly organized and existing in good standing under the laws of the District of Columbia.

4. Defendant Das Renn Treffen, Inc ("Defendant") is a corporation duly organized and existing in good standing under the laws of the State of Florida.

5. The claims alleged in this Complaint are based upon the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), the law of the State of Florida, and comprise actual and substantial controversy concerning Defendant's infringement and dilution of Plaintiff's trademark and Defendant's unfair competition.

6. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § § 1331, 1338(a) and (b). This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that Defendant is a corporation, deemed to reside in this judicial district because Defendant is subject to personal jurisdiction in this judicial district at the time this action was commenced, and Defendant does substantial business in this District.

## BACKGROUND

8. Plaintiff is based in Maryland, has transacted business nationwide for more than 70 years and maintains a web presence through a web site in which it offers its services and benefits, promotes its events, sells its products, and keeps its members up to date on the latest Porsche news.

9. Over 165,000 Porsche owners belong to or have belonged to Plaintiff's organization.

10. The Miami area (PCA Gold Coast Region) alone has more than 3,300 members of Plaintiff's organization.

11. This year, Plaintiff will host two major TREFFEN events, TREFFEN AT SEA and TREFFEN NORTH AMERICA.

12. The TREFFEN mark has been used by Plaintiff since 1958 to publicize events where Porsche owners meet one another, display their cars, participate in driving events, and socialize with one another.

13. TREFFEN AT SEA celebrated the 70th anniversary of Plaintiff between August 30 to September 6, 2025, by hosting a cruise aboard the Enchanted Princess from Princess Cruise Line.

14. More than 800 members attended the 2025 TREFFEN AT SEA.

15. TREFFEN AT SEA is heavily promoted on Plaintiff's website.

16. At least two TREFFEN AT SEA events have either had a stop in or originated in Miami.

17. TREFFEN NORTH AMERICA, an annual event, will take place in Jackson Hole, Wyoming, from October 5 to October 9, 2025.

18. Approximately 6000 people have attended TREFFEN events in the past 10 years.

19. Plaintiff's TREFFEN events occupy the top 5 Google search hits when searching for "TREFFEN Porsche" or "Porsche TREFFEN".

20. The word TREFFEN has become associated with Plaintiff and its events for Porsche owners through its exclusive and continuous use by Plaintiff since 1958.

21. Plaintiff was the first to use TREFFEN in commerce, especially in connection with events for Porsche owners.

22. The TREFFEN mark is distinctive and identified with Plaintiff's events and services.

23. The TREFFEN mark has acquired recognition throughout the United States.

24. The TREFFEN mark has acquired significant recognition among Porsche owners.

41114064.v3

25. Since the first use of the TREFFEN, Plaintiff has continuously and extensively promoted and conducted events in interstate commerce in connection therewith.

26. Plaintiff also conducts travel and tour services related to sport car and automobile events throughout the country.

27. On January 19, 1982, Plaintiff filed an application with the U.S. Patent and Trademark Office (hereinafter "USPTO") to register the "TREFFEN" mark. On August 23, 1983, the USPTO issued to Plaintiff a Certificate of Registration, U.S. Registration No. 1,249,342 for the "TREFFEN" mark for the following services in International Class 039: "Travel and Tour Services." This mark was first used in commerce in or about November 1958.

28. On September 20, 2022, Plaintiff filed declarations with the U.S. Patent and Trademark Office to renew the "TREFFEN" mark. On March 31, 2023, the USPTO issued to Plaintiff a Notice of Registration Renewal, U.S. Registration No. 1,249,324 for the "TREFFEN" mark for the following services in International Class 039: "Travel and Tour Services." This mark was first used in commerce in or about November 1958 ("Mark").

29. At all material times hereto, Plaintiff has used its Mark as set forth herein in connection with promoting, arranging, and conducting travel and tour

services, particularly as related to sport car and other automobile events, namely in association with Porsche owners.

30. Since the first use of Plaintiff's Mark, Plaintiff has continuously and extensively promoted and conducted travel and tour services in interstate commerce in connection therewith.

31. Plaintiff's Mark is incontestable pursuant to 15 U.S.C. § 1065.

32. Plaintiff has been contacted by consumers who were mistaken that Defendant's activities or events were sponsored by or conducted by Plaintiff. Accordingly, actual confusion has occurred.

33. As a result of the sports car and automobile events provided by Plaintiff and its extensive, continuous advertising and promotion of Plaintiff's travel and tour services under Plaintiff's Mark, Plaintiff's Mark has achieved widespread and favorable public acceptance and recognition resulting in significant goodwill being associated with Plaintiff's Mark.

34. As a result of the foregoing, Plaintiff's Mark has become an asset of incalculable value to Plaintiff as symbol designations of Plaintiff as the source of services synonymous with Porsche events.

**DEFENDANT'S WRONGFUL CONDUCT AND INFRINGEMENT**

35. Defendant has hosted Porsche events under the name "Das Renn Treffen" See Exhibit A, screenshots of Defendant's website.

36. Defendant's founder, Alvaro Rodriguez, is familiar with Plaintiff and Plaintiff's ownership of the TREFFEN mark as evidenced by an article found at https://issuu.com/pcagcr/docs/jun_2022_kassette_m/s/15964940 and attached hereto as Exhibit B.

37. Defendant's founder, Alvaro Rodriguez, is or was a member of Plaintiff's organization.

38. After learning of Defendant's use of "TREFFEN" in 2016 with respect to the Porsche events, Plaintiff, through its counsel, sent a letter to Defendant notifying Defendant that its use of "TREFFEN" infringed Plaintiff's trademark rights.

39. In the letter, Plaintiff demanded that Defendant immediately cease and desist all use of Plaintiff's Mark. Thereafter, Plaintiff and Defendant entered into an agreement for Defendant to cease using "TREFFEN" AND instead use "DRT" when promoting and hosting events. This agreement was followed for several years, but Defendant ceased in abiding by the agreement.

40. After learning of Defendant's subsequent use of "TREFFEN" with respect to the Porsche events, Plaintiff, through its counsel, sent a letter to Defendant notifying Defendant that its use of "TREFFEN" infringed Plaintiff's trademark rights. Plaintiff further demanded that Defendant immediately cease and desist all use of Plaintiff's Mark.

41. Defendant has failed and refused to cease and desist use of Plaintiff's Mark.

42. Defendant has filed for a U.S. Federal Trademark registration for DAS RENN TREFFEN.

43. After the deadline lapsed, Plaintiff hoped that Defendant would cease the use of the name "TREFFEN" in light of its demand letter, but Defendant has failed to do so.

44. Plaintiff has not consented and has not authorized Defendant's use of Plaintiff's Mark, nor has Plaintiff sponsored, endorsed, or approved the services offered and promoted by Defendant.

45. Upon information and belief, Defendant has infringed upon Plaintiff's Mark for the purpose of misleading and confusing the public about the source of events, marketing and promoting the events to the same customers of Porsche Club of America's events, and trading on the goodwill associated with Porsche Club of America's prominent and well-known Mark, its reputation, and inherent distinction of Plaintiff's Mark.

46. Upon information and belief, Plaintiff, Porsche Club of America, Plaintiff's Mark, and the business of Plaintiff are known to Defendant and were known to Defendant at the time Defendant chose to infringe and to continue to

infringe upon Plaintiff's Mark and began offering events related to Porsche sports car and automobiles under an infringing use of Plaintiff's Mark.

47. Defendant's first commercial use of Plaintiff's Mark in connection with its goods occurred after Plaintiff's first use of Plaintiff's Mark in connection with its goods and services.

48. The name of Defendant's event is confusingly similar to Plaintiff's Mark.

49. Defendant's promotion and facilitation of sports car and automobile events under an infringing use of Plaintiff's Mark are directed to consumers of Plaintiff's goods and services and are conducted through the same channels of interstate commerce and trade as are used by Plaintiff to promote its travel and tour services related to sports cars and automobile events.

50. Defendant's use of Plaintiff's Mark and Defendant's actions described herein are likely to cause confusion, deception, and/or mistake as to: (a) the source or origin of Defendant's services; (b) whether Plaintiff sponsors, endorses, or approves Defendant or if its services are otherwise affiliated with Defendant. Alternatively, Defendant's infringing use of Plaintiff's Mark is likely to cause actual confusion among consumers who believe, contrary to the fact, that Defendant's services are provided by or emanate from, or are otherwise sponsored, approved, authorized, or licensed by Plaintiff.

51. Defendant's continued infringing use of Plaintiff's Mark and Defendant's actions described herein have been and continue to be deliberate, willful, and with blatant disregard of Plaintiff's rights.

52. Defendant's continuing conduct constitutes an ongoing threat to the public and Plaintiff. Plaintiff has sustained and will continue to sustain irreparable injury as a result of Defendant's conduct, which such injury is not compensable solely by the award of monetary damages. Unless Defendant is restrained and enjoined from engaging in its infringing conduct, Plaintiff will continue to suffer irreparable injury.

**COUNT I – VIOLATION OF TRADEMARK UNDER 15 U.S.C. 1114(1)(a)**

53. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 52 of this Complaint.

54. Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

55. Plaintiff has used and exercised valid trademark rights for Plaintiff's federally registered trademark set forth above.

56. Defendant's conduct through unauthorized use of a confusingly similar mark constitutes trademark infringement under the laws of the United States including 15 U.S.C. 1114(1)(a).

57. Defendant's actions are willful, deliberate, and in bad faith.

58. Defendant's conduct entitles Plaintiff to recover its damages and costs including attorney fees in this action, together with an accounting of Defendant's profits.

59. Defendant's infringement of Plaintiff's Mark is irreparably injuring Plaintiff's good will and, unless enjoined by this Court, will continue to do so. Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendants' continuing trademark infringement.

## COUNT II– FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

60. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 59 of this Complaint.

61. Defendant took the actions as alleged above to cause confusion or mistake, to deceive the public as to the origin, sponsorship, or approval of the goods and services of Defendant, and/or to deliberately pass off Defendant's goods and services as those of Plaintiff.

62. Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate, entitling Plaintiff to an accounting of Defendant's profits, increased damages, and an award of attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

63. Defendant's use of Plaintiff's trademark in commerce, as described above, constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause a mistake, or to deceive as to the affiliation, connection, or association of the Defendant's services with the goods and services of Plaintiff and/or as to the origin, sponsorship, or approval by Plaintiff of Defendant's services.

64. Defendant's use of Plaintiff's Mark will cause a loss of goodwill and profits to Plaintiff, unjustly enrich Defendant, damage the reputation of Plaintiff's goods and services, and injure the public by causing confusion, mistake, and/or deception.

65. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued use of Plaintiff's trademark.

### COUNT III- FEDERAL TRADEMARK DILUTION - 15 U.S.C. § 1125(c)

66. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 65 of this Complaint.

67. Plaintiff's Mark is a "famous mark" within the meaning of §43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and has been a famous mark prior to Defendant's conduct as alleged herein.

68. Defendant's operation of nearly identical services under the banner that bears Plaintiff's Mark is likely to cause dilution by blurring, and/or dilution by tarnishment, of the distinctive quality of Plaintiff's Mark, and was done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of Plaintiff's Mark.

69. Defendant's unauthorized use of Plaintiff's Mark was done with notice and full knowledge that such use of Plaintiff's Mark was not authorized or licensed by Plaintiff.

70. Defendant's aforesaid acts are in knowing and willful violation of Plaintiff's rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

71. Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

72. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

### COUNT IV – VIOLATION OF COMMON LAW TRADEMARK PURSUANT TO FLORIDA STATUTE § 495.161

73. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 72 of this Complaint.

74. Plaintiff owns valid, protectable common law rights in the trademark TREFFEN for use in connection with Porsche events based on Plaintiff's actual,

continuous, and public use of the Mark in commerce in Florida since at least as early as 1958 and prior to any use by Defendant.

75. Plaintiff's Mark has acquired distinctiveness and secondary meaning in Florida through longstanding use, advertising, promotion, and sales, such that consumers associate the Mark with Plaintiff as the source of the referenced events.

76. Defendant's use of Plaintiff's Mark in connection with its sports car and automobile events was and is being done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of Plaintiff's Mark.

77. Defendant's unauthorized use of Plaintiff's Mark in the same and related channels of trade and to the same or overlapping classes of customers is likely to cause consumer confusion, mistake, or deception as to the affiliation, connection, sponsorship, approval, or origin of Defendant's events, including but not limited to the similarity of Defendant's mark with Plaintiff's Mark, the relatedness of the parties' marks, the overlap in customers, trade channels, and advertising media, and evidence of actual confusion to be proven at trial.

78. Defendant's infringement was and is being done with notice and full knowledge that use of Plaintiff's Mark for use for the promotion of sports car and automobile events was not authorized or licensed by Plaintiff.

79. Defendant's aforesaid acts are in knowing and willful violation of Plaintiff's rights under FLA. STAT. § 495.161.

80. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable harm to its reputation, goodwill, and the distinctiveness of its Mark, and monetary damages in an amount to be proven at trial.

81. Defendant's conduct entitles Plaintiff to recover its damages and costs including attorney fees in this action, together with an accounting of Defendant's profits.

82. Plaintiff has no adequate remedy at law for the ongoing loss of control over its reputation and goodwill and the continuing likelihood of consumer confusion.

83. Defendant's infringement of Plaintiff's Mark is irreparably injuring Plaintiff's good will and, unless enjoined by this Court, will continue to do so. Under the common laws of the State of Florida, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing trademark infringement.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant and award the following relief:

A. A preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from using the

      infringing Mark or any other mark confusingly similar to Plaintiff's Mark, and from otherwise engaging in conduct likely to cause confusion as to source, affiliation, sponsorship, or approval;

B. An order requiring Defendant to deliver up for destruction, or to remove from commerce, all labels, signs, packaging, advertisements, promotional materials, domain names, social media handles, and other items bearing the infringing Mark or any confusingly similar designation;

C. An accounting and award of Defendant's profits attributable to the infringement, and Plaintiff's actual damages, in amounts to be determined at trial, together with pre and post-judgment interest;

D. Corrective advertising and other appropriate equitable relief to remedy confusion and restore Plaintiff's goodwill, as warranted;

E. Plaintiff's costs of suit including attorney fees; and

F. Such other and further relief as the Court deems just and proper.

**PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE, PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF ANY AND ALL ISSUES TRIABLE BY RIGHT OF JURY IN THE ABOVE ACTION.**

41114064.v3

Respectfully submitted,

SANDBERG, PHOENIX & VON GONTARD P.C.

By: */s/ Richard B. Maltby*
     Richard B. Maltby, Fla. Bar No. 123602
     13900 Tech City Circle, Suite 415
     Alachua, FL 32615
     Telephone: (352) 260-0128;
     Facsimile: (314)241-7604
     rmaltby@sandbergphoenix.com

     *Attorneys for Plaintiff*